# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| MID-CONTINENT CASUALTY, COMPANY, | CV 12-144-M-DLC-JCL |
| Plaintiff, | |
| | FINDINGS & RECOMMENDATION |
| vs. | |
| WEAVER DEVELOPMENT, LLC, WEAVER PROPERTIES, LLC, and GREAT NORTHERN MEDICAL, LLC, | |
| Defendants. | |

_____

| |
|---|
| WEAVER DEVELOPMENT, LLC, WEAVER PROPERTIES, LLC, GREAT NORTHERN MEDICAL, LLC., |
| Counter-Claimants, |
| vs. |
| MID-CONTINENT CASUALTY COMPANY, |
| Counter-Defendant. |

_____

-1-

Plaintiff Mid-Continent Casualty Company ("Mid-Continent") brings this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify Defendants and Counter-Claimants Weaver Development LLC, Weaver Properties LLC, and Great Northern Medical LLC (collectively "Defendants") under the terms of a commercial general liability policy. Defendants have moved to stay or dismiss Mid-Continent's declaratory judgment action pending resolution of an underlying tort suit in state court. For the reasons set forth below, Defendants' motion should be granted and this case should be dismissed without prejudice.

I. **Background**

In October 2008, Joseph Wolf ("Wolf") was injured in an on-the-job fall at a building construction site. Wolf subsequently commenced a personal injury action in state court against Defendants on the ground that they "were owners, operators, general/prime contractors and/or safety engineers on the project and had overall supervisory authority and control over the work performed on the project at the time of [his] injury." Dkt. 1-3, ¶ 10. Wolf is pursuing claims against all Defendants in the state court action for: (1) failure to provide or require safe equipment and safe place to work, (2) negligence, (3) failure to provide safe scaffolding, and (4) premises liability. Dkt. 1-3.

.

After service of Wolf's state court complaint, Defendants tendered Wolf's claims to Mid-Continent and requested defense and indemnification under a commercial general liability policy ("the Policy") issued to Defendant Weaver Properties LLC ("Weaver Properties"). Dkt. 1-2. Mid-Continent agreed to defend Weaver Properties under a reservation of rights, but denied all coverage for any defense or indemnity of Defendants Weaver Development LLC ("Weaver Development") and Great Northern LLC ("Great Northern"). In addition, Great Northern cross-claimed against Weaver Properties and Weaver Development in the state court action, alleging the two entities were operating as a joint venture for purposes of the construction project and seeking defense and indemnification against Wolf's claims. Dkt. 1-7, at 8-9

Mid-Continent commenced this declaratory judgment action in August 2012, seeking a declaration that it has no duty under the Policy to defend or indemnify any of the three Defendants against Wolf's claims in the underlying state court action. Dkt. 1. Mid-Continent claims that Weaver Properties was the only named insured at the time of Wolf's accident, and alleges it has no contractual duty to defend or indemnify Weaver Development or Great Northern. Dkt. 1, ¶¶ 25-32. Even assuming all three Defendants somehow qualify as

insureds, Mid-Continent asserts there is no coverage for Wolf's claims based on various exclusions in the Policy. Dkt. 1, ¶¶ 33-34. Defendants have answered and counterclaimed to the contrary, alleging that Mid-Continent owes the two Weaver entities "costs of defense and indemnity as insureds," and owes Great Northern "costs of defense and indemnity, all as risks assumed and covered under the policy of insurance arising from the construction project." Dkt. 8, at 6; Dkt. 11, at 6; Dkt. 12, at 6.

Great Northern, later joined by Weaver Properties and Weaver Development, has moved to stay or dismiss Mid-Continent's declaratory judgment action under the *Wilton/Brillhart* doctrine pending resolution of Wolf's lawsuit in state court. Dkt. 26, 28.

## II. Discussion

Mid-Continent brings this action pursuant to the Declaratory Judgment Act (the "Act"), which provides that federal courts "*may* declare the rights and other legal relations of any interested party" in a declaratory judgment action. 28 U.S.C. § 2201(a) (emphasis added). As the Act's permissive language makes clear, whether to exercise jurisdiction over a declaratory judgment action like this one "is committed to the sound discretion of the federal district courts." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002).

The Ninth Circuit has long held that in an action for declaratory judgment under the Act, "the district court must first inquire whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). The Act's case or controversy requirements is "identical to Article III's constitutional case or controversy requirement." *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The Ninth Circuit has held that there is a "case or controversy" for purposes of Article III when an insurer brings a declaratory judgment action regarding its duty to defend and indemnify, even when the underlying liability action in state court has not yet proceeded to judgment. *Kearns*, 15 F.d3d at 144. Mid-Continent's complaint for declaratory relief thus satisfies Article III's case or controversy requirement.

While the Act gives federal courts the "remedial power" to award declaratory relief, it does not confer jurisdiction, "which must properly exist independent of the [Act]." *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011). "In other words, federal courts have discretion under [the Act] only as to whether to award declaratory relief pursuant to the jurisdiction that they must properly derive from the underlying controversy between the litigants." *Countrywide Home Loans*, 642 F.3d at 853. This means that "when courts refer to a district court's discretion to 'exercise' or 'accept'

jurisdiction under the [Act]," what they are really talking about is "the court's discretion to provide a declaratory remedy pursuant to its otherwise proper subject matter jurisdiction over a dispute." *Countrywide Home Loans*, 642 F.3d at 853.

Here, there is no dispute that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Dkt. 1, at 2-3. The question, then is whether this Court should exercise its discretion under the Act and entertain Mid-Continent's claims for declaratory relief. Defendants take the position that it should not, and ask the Court to stay or dismiss Mid-Continent's declaratory judgment action based on the *Wilton/Brillhart* doctrine pending resolution of the personal injury lawsuit Wolf has brought against them in state court.

Under the *Wilton/Brillhart* doctrine, a district court may abstain from deciding a declaratory judgment action when "the questions in controversy...can better be settled in" a pending state court proceeding, *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942), or state court proceedings present an "opportunity for ventilation of the same state law issues." *Wilton v. Seen Falls Co.*, 515 U.S. 277, 290 (1995). *Brillhart* sets forth three factors that courts should address in deciding whether to proceed in a declaratory judgment action: "[t]he district court should avoid needless determination of state law issues; it should

discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Govt. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (citation omitted). These factors essentially require the district court to "balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (internal quotation marks and citation omitted).

While the *Brillhart* factors "remain the philosophic touchstone for the district court," they are not exhaustive. *Dizol*, 133 F.3d at 1225. Courts may also consider:

> whether the declaratory judgment action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n. 5.

As a general rule, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225. If, however, "there are parallel state proceedings involving the

same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit be heard in a state court." *Dizol*, 133 F.3d at 1225.

Before going any further, the Court must address a threshold argument raised by Mid-Continent, which is that the *Wilton/Brillhart* analytical framework simply does not apply here. Mid-Continent maintains that the more stringent *Colorado River* abstention doctrine should control because Defendants have alleged independent counterclaims for non-declaratory relief.[1]

For support, Mid-Continent relies on *Snodgrass v. Provident Life and Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998), in which the Ninth Circuit made clear that *"*[c]laims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule" and "invoke the virtually unflagging obligation of the district court to hear jurisdictionally sufficient claims." When independent "claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, recision, or claims for other monetary relief), the district court should not, as

---

[1] Under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), courts must remain cognizant of their "virtually unflagging obligation" to exercise jurisdiction, and may abstain in favor of parallel state proceedings only under "exceptional circumstances."

a general rule, remand or decline to entertain the claim for declaratory relief." *Dizol*, 133 F.3d at 1224 (*citing Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)).

The appropriate inquiry for purposes of deciding whether to abstain under the Act is "whether the claim for monetary [or other non-declaratory] relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed." *United National Insurance Company v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001). "In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief." *R&D Latex,* 242 F.3d at 1113. Where such independent non-declaratory claims are present, the district court "should retain jurisdiction over the declaratory claims to avoid duplicative litigation." *Snodgrass*, 147 F.3d at 1167.

Mid-Continent argues that Defendants' counterclaims for monetary relief are independent non-declaratory claims as defined in *Snodgrass*, which means that they are not subject to the Act's discretionary jurisdiction rule. Weaver Properties and Weaver Development have pled identical counterclaims. They both allege that Mid-Continent owes them and Great Northern "costs of defense and indemnity, all as risks assumed and covered under the policy of insurance arising

from the construction project." Dkt. 11, at 6; Dkt. 12, at 6. Great Northern's counterclaim similarly alleges that Mid-Continent owes the Weaver entities "costs of defense and indemnity as insureds," and owes Great Northern "costs of defense and indemnity, all as risks assumed and covered under the policy of insurance arising from the construction project." Dkt. 8, at 6.

Mid-Continent maintains Defendants have thus "made a claim for monetary relief under a claim for indemnification," which is independent of its own claims for declaratory relief. According to Mid-Continent, Defendants' counterclaims are "nothing more than a demand for monetary recovery for amounts the three defendants may be required to pay Mr. Wolf" in the underlying action. Dkt. 29, at 5. Mid-Continent argues those counterclaims would continue to exist even if its own claims for declaratory relief were dismissed, which means that the counterclaims are not subject to the discretionary jurisdictional rule articulated in *Wilton* and *Brillhart*. Looking instead to *Colorado River*, Mid-Continent maintains the Court should exercise its jurisdiction over this entire case because there are no "exceptional circumstances" warranting a stay or dismissal.

Notwithstanding Mid-Continent's argument to the contrary, Defendants' counterclaims are dependent upon the declaratory claims in the case and are themselves declaratory in nature. Defendants' counterclaims expressly seek

declaratory relief.  All three counterclaims ask "[f]or this Court's declaratory judgment that the policy of insurance provides coverage in the Underlying Lawsuit for Weaver Development, LLC and Weaver Properties, LLC as insureds, and that it provides coverage for the third party claim of Great Northern Medical, LLC for costs of defense and indemnity."  Dkt. 8, at 6; Dkt.11, at 6; Dkt. 12, at 6.  Defendants' counterclaims are essentially a mirror image of Mid-Continent's claim for declaratory relief, which asks the Court to declare that the Policy does not provide coverage in the underlying lawsuit and that Mid-Continent has no duty to defend Defendants against Wolf's claims.  Defendants' counterclaims are thus properly characterized as declaratory in nature, which distinguishes this case from *Snodgrass*.

     Moreover, to the extent Defendants seek money damages, their counterclaims are entirely dependent on first receiving a declaration that Mid-Continent has a duty to defend and/or indemnify them under the Policy.  Where, as here, "a request for monetary relief is wholly dependent on a favorable ruling on the claim for declaratory relief," the court does "not forfeit its discretionary power" to decline jurisdiction under the Act.  *Great American Assurance Co. v. Discover Property & Casualty Ins. Co.*, 779 F.Supp.2d 1158, (D. Mont. 2011) (*citing Kolstad v. Trinity Universal Ins. Co. of Kansas*, 12 F.Supp.2d 1101, 1103-

04 (D. Mont. 1998)(*overruled in part on other grounds by Dizol*)). *See also Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996) (the Act's discretionary standard controls where the "request for monetary relief is wholly dependent upon a favorable decision on [the] claim for declaratory relief"); *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 801 (9th Cir. 1995) (holding the same) (both *overruled in part on other grounds by Dizol* on the issue of sua sponte review).

Because Defendants' counterclaims are dependent on the declaratory judgment claims and are themselves primarily declaratory in nature, the Act controls. This means that the *Wilton/Brillhart* discretionary standard applies for purposes of determining whether to grant Defendants' motion stay or dismiss this case pending resolution of the underlying state court litigation.

The first *Brillhart* factor, which recognizes that district courts should avoid needless determination of state law issues, weighs in favor of a stay or dismissal. The ultimate question in this case is whether Mid-Continent has a duty to defend and indemnify Defendants under the terms of the Policy. Insurance coverage questions like those presented here "are strictly the province of state law." *Great Am. Assurance Co.*, 779 F.Supp.2d at 1163. *See also Kolstad,* 12 F.Supp.2d at 1105 (a declaratory judgment action involving insurance coverage issues

-12-

implicates areas of law "principally regulated by the state where 'comity concerns' are 'particularly weighty.'") (*quoting Karussos*, 65 F.3d at 798-99). Because the only issues in this case relate to insurance coverage issues, there is no federal question presented.

Nor is there any "compelling federal interest" at stake. *See Central United Life Ins. Co. v. Estate of Gleason*, 2011 WL 6258448 *2 (D. Mont. 2011) (*citing Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1255 (9th Cir. 1987)). Where, as here, "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at is nadir, ...the *Brillhart* policy of avoiding unnecessary declarations of state law is especially strong..." *Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367, 1371 (9th Cir. 1991) (*overruled on other grounds by Dizol* on the issue of sua sponte review). Because this case presents strictly state law issues, the first *Brillhart* factor weighs in favor of a stay or dismissal.

Under the second *Brillhart* factor, federal district courts "should discourage litigants from filing declaratory actions as a means of forum shopping." *Dizol*, 133 F.3d at 1225. This factor is essentially neutral here, as there is no particular evidence that Mid-Continent's decision to file this action in federal court was an act of forum shopping.

While the second *Brillhart* factor is thus neutral, the third factor – which discourages duplicative litigation – also weighs in favor of a stay or dismissal. This factor requires the Court to consider whether there are parallel proceedings in state court. If "there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit be heard in state court." *Dizol*, 133 F.3d at 1225. Under the rule stated in *Dizol*, proceedings are clearly parallel if they involve the same issues and the same parties. But identity of the issues and parties is not necessarily required. The presence of parallel state court proceedings may give rise to a presumption that the court should abstain in the declaratory judgment action, but the Act does not require that there be a strictly "parallel state proceeding in order for the district court to exercise its discretion to decline to entertain the action." *Golden Eagle Ins. Co.*, 103 F.3d at 754.

The Ninth Circuit has often taken a more liberal approach, construing two actions as parallel for purposes of *Brillhart* if they "arise from the same factual circumstances." *Golden Eagle*, 103 F.3d at 754-55 (*citing American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995), *overruled in part on other grounds by Dizol*). Under this standard, two actions may be parallel if the legal questions presented in the federal action "involve interpretations of state law

related to a factual dispute pending before the state court." *Hungerford*, 53 F.3d at 1017. In such situations, "the state court is the more suitable forum." *Hungerford*, 53 F.3d at 1017.

Because Mid-Continent argues that *Colorado River* controls, it does not specifically address the meaning of "parallel proceedings" under *Brillhart*. In its discussion of the *Colorado River* factors, however, Mid-Continent argues that the coverage issues presented in its declaratory judgment action here are entirely different from those presented in the underlying tort action. Mid-Continent points out that its declaratory judgment action rests in large part on the terms of the Policy itself. As framed by Mid-Continent, some of the issues presented include: (1) whether Great Northern and Weaver Development are named insureds; (2) assuming Weaver Properties is entitled to coverage, whether Great Northern qualifies as an indemnitee under the Policy; (3) whether Weaver Properties and Weaver Development were operating as a joint venture and, if so, whether Mid-Continent consented; (4) whether Weaver Properties transferred its rights under the Policy to Weaver Development and, if so, whether Mid-Continent consented; (5) whether medical payments are excluded; (6) whether Wolf qualifies as a "Hired Person" under the Policy, (7) whether Wolf received or was entitled to workers compensation benefits; (8) whether Wolf was performing duties related to

the conduct of Weaver Properties' business; (9) whether Weaver Properties assumed liability in a contract, and; (10) whether Weaver Properties assumed a role in the construction not consented to by Mid-Continent.

While many of these issues will not be a part of the state court action, others may overlap. In particular, the question of whether Weaver Properties and Weaver Development were operating as a joint venture under Montana law is one that has been raised in the state court action. Great Northern has cross-claimed against Weaver Properties and Weaver Development in that case, alleging that the two were operating as "a joint venture for the construction of the office building" on which Wolf was working. Dkt. 1-7, at 8. Great Northern alleges that the Weaver entities owe it "an indemnity,...including costs of defense, to save Great Northern from the legal consequences of their conduct involved in the construction of the office building which allegedly led to [Wolf's] injuries." Dkt. 1-7, at 8-9. The state court is thus faced with making the same factual determinations this Court would have to make for purposes of determining whether the Policy's joint venture exclusion bars coverage. The potential for overlapping factual determinations means that risk of duplicative litigation exists. Thus, the final *Brillhart* factor weighs in favor of abstention.

Even assuming parallel state court proceedings were absent, the Court

would not be precluded from considering whether to exercise its discretionary jurisdiction. *Kolstad*, 12 F.Supp.2d at 1104. The Ninth Circuit has held that when the final two *Brillhart* factors are neutral, it is an appropriate exercise of discretion for the court to decline jurisdiction solely for the purpose of avoiding a determination of state law issues. *Huth*, 298 F.3d at 803-04, (finding the second two *Brillhart* factors were "a wash"); *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir 2011)(the district court's interest in avoiding "needless determination of state law issues alone may support remand").

Finally, as noted above, the Court may also consider additional factors such as the "availability and relative convenience of other remedies" and "whether the declaratory action will settle all aspects of the controversy." *Dizol*, 133 F.3d at 1225 n.5. Mid-Continent maintains there is no process by which it can "become a party to the underlying suit and, assuming it could, it would be substantially prejudiced to try insurance issues in the underlying lawsuit." Dkt. 29, at 11. But even assuming Mid-Continent is not able to join in the state court action, this Court need not accept jurisdiction.

The Ninth Circuit has repeatedly said that the district court is not required to accept jurisdiction where a party "could have presented the issues that it brought to federal court in a separate action to the same court that will decide the

underlying tort actions." *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997) (*overruled in part on other grounds by Dizol*).  Mid-Continent is free to file an independent declaratory judgment action in state court pursuant to Mont. Code Ann. § 27-8-201, which means that it has other state court remedies available for purposes of resolving the purely state law issues raised in its request for declaratory relief.  Because Mid-Content can thus present the issues it raises here to the same court that will decide the underlying tort action, this Court need not accept jurisdiction.

**III.  Conclusion**

For the reasons set forth above,  the Court should exercise its discretion under the *Wilton/Brillhart* doctrine and dismiss this case without prejudice.

IT IS RECOMMENDED that Defendants' Motion to Stay or Dismiss be GRANTED accordingly and this case be dismissed without prejudice.

DATED this 15th day of April, 2013

_____
Jeremiah C. Lynch
United States Magistrate Judge