**FILED**

JUN 24 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MID-CONTINENT CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>WEAVER DEVELOPMENT, LLC, WEAVER PROPERTIES LLC, GREAT NORTHERN MEDICAL, LLC.,<br><br>Defendants. | CV 12–144–M–DLC–JLC<br><br>ORDER |
| WEAVER DEVELOPMENT, LLC, WEAVER PROPERTIES, LLC, GREAT NORTHERN MEDICAL, LLC.,<br><br>Counterclaimants,<br><br>vs.<br><br>MID-CONTINENT CASUALTY COMPANY,<br><br>Counter-Defendant. | |

1

United States Magistrate Judge Jeremiah Lynch issued findings and recommendation to dismiss Plaintiff Mid-Continent Casualty Company's complaint on April 15, 2013. (Doc. 31.) Plaintiff timely filed objections and is therefore entitled to *de novo* review of the specified findings and recommendation to which Plaintiff objects. 28 U.S.C. § 636(b)(1). Because the parties are familiar with this case, the procedural history will only briefly be restated here.

Plaintiff's declaratory judgment action seeks a declaration from this Court that Plaintiff has no duty to defend or indemnify Defendants under Plaintiff's general liability policy. Defendants filed a cross-claim alleging, in contrast, that Plaintiff owes each entity "costs of defense and indemnity." Defendants further moved to stay or dismiss Plaintiff's complaint contingent on the outcome of the underlying personal injury action against Defendants in state court.

Judge Lynch, applying the *Wilton/Brillhart* doctrine, recommended dismissing Plaintiff's complaint to avoid needless determination of state laws and to avoid duplicative litigation. *Govt. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (citation omitted). Judge Lynch found the forum shopping factor did not apply here.

Judge Lynch found Plaintiff's complaint arises out of the same set of facts as the state court complaint, regarding the same issue of whether Plaintiff is

obligated under its liability policy to defend or indemnify Defendants. If legal questions in a federal action "involve interpretations of state law related to a factual dispute pending before the state court," then "the state court is the more suitable forum." *American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995)(overruled in part on other grounds). The Court may decline jurisdiction under the Declaratory Judgment Act where "a request for monetary relief is wholly dependent on a favorable ruling on the claim for declaratory relief." (Doc. 31 at 11.); *Great American Assurance Co. v. Discover Property & Casualty Ins. Co.*, 779 F.Supp.2d 1158, 1163 (D. Mont. 2011).

The claims in state and federal court here are not independent, as Plaintiff suggests. The Defendants' counterclaim depends on the outcome of Plaintiff's declaratory action. If Plaintiff is not found liable, then Defendants' counterclaim fails. Judge Lynch recommends dismissing this case because a presumption in favor of state courts exists if the case involves the same or parallel issues, the issues pending in state court are not independent of this declaratory action, and because there is no compelling federal issue at stake.

Though Plaintiff does not explicitly concede the *Brillhart* factors apply, Plaintiff's objections to Judge Lynch's findings and recommendation were based on *Gonzales v. National Union Fire, Ins. of Pittsburg*, which applied those factors.

3

2011 WL 4899905 (D. Mont. 2011); (Doc. 32. at 4-7.) Plaintiff objects that 1) its declaratory action does not needlessly determine state law issues, 2) Plaintiff's action and the pending state court matter are not duplicative, and 3) there is a federal interest at stake, if not a compelling one.

Plaintiff argues its complaint does not involve novel state issues, but merely seeks this Court to "construe insurance policy language and apply ordinary principals of Montana contract law." (Doc. 32 at 8.) As in *Gonzales,* Plaintiff argues there is "no ongoing, parallel state action here." *Gonzales,* 2011 WL at *4. In *Gonzales,* however, legal questions in the underlying action were not similar to those raised in the federal case. The underlying action in *Gonzales* dealt with joint and several liability claims in an insurance dispute, in which the parties agreed to settle. The federal case dealt with interpretation of an insurance policy clause that was not directly addressed by the underlying, settled dispute. *Id.* at 5. The legal questions in the underlying action in *Gonzales* did not involve the same issues as the federal action, as they do here. Unlike *Gonzales,* Plaintiff's declaratory action would be determinative on the outcome of Defendants' counterclaim.

Plaintiff argues the issues in state court and this action are not duplicative. However, the issues in the underlying litigation involve the exact same issues in dispute here: whether Plaintiff owes Defendants coverage under its liability policy.

4

This issue can be adequately addressed in state court, and it should be. *Great Am. Assurance Co.*, 779 F.Supp.2d at 1163; *Kolstad v. Trinity Universal Ins. Co. of Kansas*, 12 F.Supp.2d 1101, 1105 (D. Mont. 1998).

Finally, Plaintiff argues that there is a federal interest at stake because diversity jurisdiction applies here and the purpose of diversity jurisdiction "is to avoid the effects of prejudice from outsiders." *Gonzales,* 2011 WL at *5. Plaintiff invoked diversity jurisdiction "to mitigate perceived prejudice against it in a state court venue." (Doc. 32 at 9.) This Court does not dispute that diversity jurisdiction applies, where this case involves an out of state insurance company and the amount in controversy exceeds $75,000. However, "where the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." *Continental Cas. Co. v. Robsac Industries,* 947 F.2d 1367, 1371 (9th Cir. 1991) (overruled on other grounds). Given that the sole basis for Plaintiff's invocation of a federal interest is diversity of citizenship, the Court finds no compelling federal interest applies here. The Court retains discretion under the Declaratory Judgment Act to decline jurisdiction, and it will do so here.

Judge Lynch's findings and recommendation will be adopted in full. There being no clear error in Judge Lynch's remaining findings and recommendations, IT IS HEREBY ORDERED:

5

1. Judge Lynch's Findings and Recommendations (doc. 31) are ADOPTED in full.

2. Plaintiff's Complaint (doc. 1) is DISMISSED WITHOUT PREJUDICE.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Procedure.

Dated this 24th day of June 2013.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court